UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| K.M. BREIMON,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. C23-5763-SKV<br><br>ORDER AFFIRMING THE<br>COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI).[1] Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1972, AR 275, has a GED, AR 313, and has no employment history, AR 312. On March 26, 2019, Plaintiff applied for benefits, alleging disability as of March 30, 2019. AR 17, 276. Plaintiff's applications were denied initially and on reconsideration, and

---

[1] Plaintiff also applied for Disability Insurance Benefits (DIB), AR 289–90; however, it was determined that he had not worked long enough to qualify for such benefits, *see* AR 308. Plaintiff does not challenge this finding.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

Plaintiff requested a hearing. AR 91–99, 103–09, 110–12. After the ALJ conducted a hearing on May 12, 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 14–35.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since March 26, 2019, the application date.

**Step two**: Plaintiff has the following severe impairments: anxiety, depression, attention-deficit hyperactivity disorder, trauma disorder, and specific learning disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple and detailed work that can be learned in 30 days or less. He can have occasional contact with coworkers and no public contact.

**Step four**: Plaintiff's past relevant work has been expedited because the record does not contain sufficient evidence about such work to make a finding at step four.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19–29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by (1) improperly rejecting the medical opinions of Dr. David Morgan, Ph.D., and Dr. Janis Lewis, Ph.D.; and (2) improperly failing to find Plaintiff's substance use severe or perform a proper Drug Addiction and Alcoholism (DAA) analysis.  Dkt. 8 at 1.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.      The ALJ Did Not Err in Assessing Medical Opinion Evidence.**

In finding Plaintiff not disabled, the ALJ considered opinions from Department of Social and Health Services (DSHS) psychologists, Dr. David Morgan, Ph.D., and Dr. Janis Lewis, Ph.D.  AR 26–27 (citing AR 364–68; 724–26).

Following a psychological evaluation of Plaintiff and a review of Plaintiff's DSHS records, Dr. Morgan diagnosed Plaintiff with a panic disorder and antisocial personality disorder, rated Plaintiff's overall severity as "moderate," and concluded that Plaintiff would be impaired by psychological symptoms for eight months.  AR 365–66.  Dr. Morgan found moderate to marked symptoms of anxiety and antisocial personality disorder occurring daily in Plaintiff, AR 365, as well as moderate limitations in Plaintiff's ability to understand, remember, and persist in tasks by following detailed instructions; learn new tasks; perform routine tasks without special supervision; make simple work-related decisions; be aware of normal hazards and take appropriate precautions; ask simple questions or request assistance; and set realistic goals and plan independently, AR 366.  Dr. Morgan found marked limitations in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms.  AR 366.  Notably, Dr. Morgan indicated that Plaintiff did not "report any history of substance abuse or chemical dependency."  AR 365.

Dr. Lewis reviewed Dr. Morgan's opinion and certain medical evidence to reach a disability determination.  AR 724–26.  Dr. Lewis found the same moderate and marked limitations as Dr. Morgan, AR 725, but determined that the duration of Plaintiff's symptoms

would last twelve months, as opposed to eight, AR 724.  Dr. Lewis rated Plaintiff's overall severity as "3" and diagnosed Plaintiff with panic disorder, attention-deficit hyperactivity disorder, major depressive disorder, antisocial personality disorder, and posttraumatic stress disorder.  AR 726.  Dr. Lewis failed to complete the portion of the relevant DSHS questionnaire asking whether Dr. Lewis's diagnoses, severity rating, and functional limitation findings were supported by available objective medical evidence.  *See* AR 724.

        The ALJ concluded that Dr. Lewis's opinion was unpersuasive, as its finding of marked limitations was inconsistent with the longitudinal record and Dr. Lewis failed to provide support for the opinion.  AR 26–27.  Per the ALJ, Plaintiff's "symptoms improved with medication" and worsened when Plaintiff stopped "taking his medications, use[d] drugs, and experience[d] the effects of withdrawal from drugs and medication."  AR 27.  The ALJ similarly found Dr. Morgan's opinion unpersuasive to the extent it concluded Plaintiff suffered from marked limitations, as this finding was not supported by the record, which demonstrated that "medications temper[ed] his symptoms."  AR 27.  However, the ALJ found Dr. Morgan's opinion persuasive to the extent it supported a finding of moderate severity of symptoms, as the record showed "some deficiencies in concentration, memory, interacting with others, and [Plaintiff] managing himself . . . ."  AR 27.  The ALJ noted that because Dr. Morgan was unaware of Plaintiff's drug use, he was not "in a position to assess the claimant's functional capacity with precision."  AR 27.

        Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 404.1520c(a)–(c).  An ALJ's consistency

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff does not challenge the ALJ's supportability and consistency findings with respect to Dr. Morgan's or Dr. Lewis's opinions.[4]  Instead, Plaintiff argues that the ALJ failed to notice that both opinions offered the exact same limitations and differed only in their conclusion about the duration of those limitations, meaning the ALJ's discussion was inconsistent between the two opinions. Dkt. 8 at 6.  Contrary to Plaintiff's contentions, however, the opinions differed in more ways than just the stated duration of Plaintiff's symptoms.  Dr. Lewis diagnosed Plaintiff with several conditions that Dr. Morgan did not, including attention-deficit hyperactivity disorder, major depressive disorder, and posttraumatic stress disorder.  *See* AR 365, 726.  And even if the ALJ's discussion was inconsistent between the two opinions, Plaintiff has failed to demonstrate harmful error; the ALJ acknowledged the persuasiveness of Dr. Morgan's moderate limitation findings, AR 27, and considered them in formulating the RFC, *see* AR 21–27.  As Plaintiff acknowledges, those same moderate limitations were noted by Dr. Lewis.  Plaintiff fails to demonstrate that the ALJ's disability determination would have differed had those limitations been attributed to both Dr. Morgan and Dr. Lewis, as opposed to just Dr. Morgan.

---

[4] Plaintiff, on reply, challenges the ALJ's supportability findings with respect to both opinions by arguing (1) the ALJ erred by finding Dr. Morgan's opinion unsupported because, in so finding, the ALJ relied only on Plaintiff's failure to report his substance abuse; and (2) the ALJ erred in finding Dr. Lewis's opinion unsupported because the opinion was supported by "the underlying examination performed by Dr. Morgan." *See* Dkt. 11 at 2–3. "[A]rguments not raised by a party in an opening brief are waived." *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) (citing *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).  Regardless, Plaintiff's arguments fail.  As discussed *infra*, the ALJ did not err by relying on Plaintiff's failure to report his substance abuse to Dr. Morgan when discounting the opinion.  And even assuming the ALJ erred in assessing the supportability of Dr. Lewis's opinion, because Plaintiff does not challenge the ALJ's consistency finding with respect to that opinion, any such error would be harmless. *See Woods*, 32 F.4th at 792–94 & n.4 (consistency and supportability constitute two distinct factors that should be treated separately).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

      Plaintiff further argues that the ALJ erred in relying on Plaintiff's substance use when rejecting Dr. Morgan's and Dr. Lewis's opinions because the ALJ herself determined that Plaintiff's substance use caused his impairments to worsen, Dkt. 8 at 8, meaning the ALJ should have found the substance use to be a medically determinable impairment that impacted Plaintiff's functioning, *id.* at 6.  But the ALJ did not reject Dr. Morgan's opinion because of Plaintiff's substance use.  The ALJ rejected the opinion because Plaintiff failed to report his substance use, which reduced the doctor's ability to adequately assess Plaintiff.  Given that Dr. Morgan relied on Plaintiff's inaccurate self-reporting of his substance use when opining on the severity of Plaintiff's mental impairments, the ALJ properly found the opinion unpersuasive.  *See Georgina R. v. Comm'r of Soc. Sec.*, No. C20-5730-MLP, 2021 WL 1531139, at *3 (W.D. Wash. Apr. 19, 2021) (the ALJ properly found the examining psychologists' opinions unpersuasive because they relied upon the claimant's inaccurate self-reporting of his alcohol use); *see also Oviatt v. Comm'r of Soc. Sec.*, 303 F. App'x 519, 522 (9th Cir. 2008) (the ALJ properly rejected medical opinions under the previous medical evidence regulations because they relied upon inaccurate information about the claimant's substance abuse).

      The ALJ likewise did not reject Dr. Lewis's opinion solely—or even primarily—because of Plaintiff's substance use.  Instead, the ALJ rejected it because it was unsupported and inconsistent; Plaintiff's "symptoms improved with medication" and worsened when Plaintiff stopped "taking his medications, use[d] drugs, and experience[d] the effects of withdrawal from drugs and medication."  AR 27.  The fact that Plaintiff's symptoms improved while he was compliant with treatment and worsened when he was not was relevant to the ALJ's evaluation of

the persuasiveness of Dr. Lewis's opinion.[5]  *See Allen v. Kijakazi*, No. 22-35056, 2023 WL 2728857, at *1 (9th Cir. Mar. 31, 2023) (the ALJ appropriately found unpersuasive an opinion about the claimant's significant restrictions because it was inconsistent with objective medical evidence showing mild abnormalities and improvement with treatment).

Finally, Plaintiff argues that the ALJ erred in finding the opinions' moderate limitations persuasive, but offering only two limitations in the RFC: a limit to simple and detailed work that can be learned in thirty days or less, and a limit to occasional contact with coworkers and no public contact.  Dkt. 8 at 6 (citing AR 21, 27).  Both opinions concluded Plaintiff had moderate limitations in the ability to understand, remember, and persist in tasks by following detailed instructions; learn new tasks; perform routine tasks without special supervision; make simple work-related decisions; be aware of normal hazards and take appropriate precautions; ask simple questions or request assistance; and set realistic goals and plan independently.  AR 366, 725.  The ALJ found these moderate limitations persuasive to the extent they were consistent with the record, which showed "some deficiencies in concentration, memory, interacting with others, and [Plaintiff] managing himself."  AR 27.  The RFC limitations articulated by the ALJ were consistent with this assessment.  Specifically, the ALJ limited Plaintiff to working in an

---

[5] It is true that, in the context of mental health issues, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws.  That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.")).  Reports of improvement must instead be interpreted "with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Id.* (citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)).  Plaintiff, however, does not challenge the fact that the ALJ relied on Plaintiff's symptoms improving with treatment when finding Plaintiff not disabled; he challenges only the ALJ's reliance on Plaintiff's substance use when rejecting Dr. Morgan's and Dr. Lewis's opinions.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

environment that has no public contact and only occasional contact with coworkers, and to performing simple and detailed work that can be learned in thirty days or less. AR 21. These limitations track both doctors' finding that Plaintiff is moderately impaired in his ability to learn and perform new or complex tasks, as well as the record evidence suggesting Plaintiff had deficiencies in concentration, memory, interacting with others, and the ability to manage himself. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (finding that the ALJ's RFC adequately "track[ed]" the physician's opinion regarding the claimant's impairments); *Turner v. Comm'r*, 613 F.3d 1217, 1223 (9th Cir. 2010) (approving of the ALJ's incorporation into the RFC of limitations found in a doctor's opinion when the ALJ ultimately rejected that doctor's finding of disability). Plaintiff does not articulate a basis for finding that the ALJ's assessment was inconsistent with the moderate limitations identified by the doctors or with those identified by the ALJ in the record as a whole.

By providing that the marked limitations noted by Dr. Morgan and Dr. Lewis were not supported by either doctor and were inconsistent with the longitudinal record, AR 26–27, the ALJ properly addressed the supportability and consistency of both opinions. As such, the ALJ did not err in discounting them.

**B.     The ALJ Did Not Err by Failing to Find Plaintiff's Substance Use Severe or Perform a DAA Analysis.**

Plaintiff argues the ALJ erred by failing to include Plaintiff's substance use as a severe impairment at step two because, as acknowledged by the ALJ, Plaintiff's substance use caused his symptoms to worsen. Dkt. 8 at 8. Plaintiff further contends that, because the ALJ should have concluded Plaintiff's substance use was a severe impairment, she likewise should have performed a DAA analysis. *Id.*

At step two of the sequential evaluation, the claimant has the burden of showing that he has at least one impairment that is both medically determinable and severe. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999); 20 C.F.R. § 416.920(a)(4)(ii). An ALJ will find that a claimant has a medically determinable impairment only if the record includes "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. Further, an ALJ will only find an impairment to be "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).

Here, the ALJ determined that Plaintiff's anxiety, depression, attention-deficit hyperactivity disorder, posttraumatic stress disorder, and learning disorder were severe at step two. AR 20. She therefore resolved step two in Plaintiff's favor and continued with the sequential evaluation process. AR 20–28.

Plaintiff argues that the ALJ harmfully erred by failing to find Plaintiff's substance use severe at step two because her own analysis indicated it was severe and, had the ALJ so found, she would have included additional restrictions in the RFC. Dkt. 8 at 8; Dkt. 11 at 4–5. It does not follow, however, that a finding of severity would have led to the inclusion of additional restrictions in the RFC. "Step two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). "It is not meant to identify the impairments that should be taken into account when determining the RFC." *Id.* at 1048–49. Instead, in assessing the RFC, "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at 1049 (citing SSR 96-8p). "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis in original).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

Here, the ALJ properly took all of Plaintiff's impairments, including his substance use, into account when formulating the RFC. *See, e.g.*, AR 26 (discussing, in the context of the RFC formulation, a doctor's opinion finding that Plaintiff "uses intravenous heroin, methamphetamine, and daily marijuana, which cause acute intoxication and withdrawal" which the doctor determined caused limitations in Plaintiff's ability to perform basic work activities; finding that doctor's opinion not persuasive because it indicated Plaintiff's "limitations are caused by substance abuse rather than a mental health impairment" when "the records show ongoing symptoms when not using, such as when [Plaintiff] is incarcerated."). Moreover, because step two was decided in Plaintiff's favor, he cannot demonstrate prejudice resulting from the ALJ's failure to include his substance use as a severe impairment. *Buck*, 869 F.3d at 1049 (citing *Molina*, 674 F.3d at 1115). Any alleged error in the ALJ's failure to do so is harmless and cannot be the basis for remand. *Id.*

Finally, Plaintiff argues that because the ALJ should have found Plaintiff's substance use to be a severe impairment, she should have performed a DAA "materiality" analysis. Dkt. 8 at 8. But contrary to Plaintiff's contentions, a DAA "materiality" analysis was not necessary under the circumstances. The ALJ would only have been required to analyze whether Plaintiff's substance use was material to his disability if the ALJ first determined that Plaintiff was disabled. *See Parra v. Astrue*, 481 F.3d 742, 746–48 (9th Cir. 2007); *Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001); SSR 13-2p. Here, the ALJ considered all of Plaintiff's impairments, including his substance use, and found him not disabled, AR 21–29, meaning no further analysis of Plaintiff's substance use was required, *Parra*, 481 F.3d at 746–48; *Bustamante*, 262 F.3d at 955; SSR 13-2p.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 18th day of March, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge